# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

December 23, 2022

*VIA ECF*
The Honorable Andrew L. Carter, Jr. U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, New York 10007

          Re:    *Lopez v. Fluxpace Design & Build LLC et al*
                 **Case No.: 1:22-CV-07605-ALC**

Dear Honorable Judge Carter:

      This law firm represents Plaintiff Juan Lopez (the "Plaintiff") on behalf of himself and others similarly situated in the proposed FLSA Collective Action.

      Pursuant to Rule 2(A) of Your Honor's Individual Motion Practices, this letter respectfully serves to respond to the pre-motion conference letter dated December 16, 2022 filed by Defendant Fluxpace Design & Build LLC, Fluxpace Inc. and Victor Sierra (collectively, the "Defendants"), requesting a pre-motion conference in anticipation of Defendants' motion to dismiss (the "Pre-Motion Conference Letter") [Dckt. No. 12].

      Defendants' contemplated motion is doomed to fail given that it misrepresents the allegations of the Complaint, and seeks to overturn a legion of case law in this Circuit regarding the degree of specificity needed to state an overtime claim under the FLSA and NYLL.

      **I.**    **Factual Background**

      This is an action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") brought by one (1) individual against their former employer for alleged violations of federal and state wage, overtime, spread-of-hours and recordkeeping violations.

      According to the operative first complaint filed on September 7, 2022 [Dckt. No. 1] (the "Complaint", or the "*Compl.*"), Defendants own and operate a construction company known as "Fluxpace Construction", where Plaintiff worked as a foreman and manual laborer, as follows:

| Plaintiff | Start | End | Hours | Avg. Weekly Pay |
|---|---|---|---|---|
| Juan Lopez | 8/1/2021 | 9/30/2021 | 63 | $1,200.00 |
| | 10/1/2021 | 11/30/2021 | 63 | $1,500.00 |
| | 12/1/2021 | 12/31/2021 | 63 | $1,320.00 |
| | 1/1/2022 | 7/15/2022 | 63 | $1,320.00 |
| | 7/16/2022 | 7/31/2022 | 63 | $0.00 |

[*Compl.* at ¶¶ 19-23].

### I. Defendants are "Employers" under the FLSA and NYLL

Plaintiff's allegations support the allegation that Defendants "employed" Plaintiff and were his "employer." 29 U.S.C. § 203(d)(1).

Under the FLSA, an "employee" is "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee," *id*. § 203(d). To "employ" means "to suffer or permit to work." *Id*. § 203(g). The FLSA's definition of "employer" may apply to "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons," 29 U.S.C. § 203(a), (d), and an individual may be employed by more than one employer, 29 C.F.R. § 791.2(a). "Because the statute defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir.1999). In making that determination, a court should focus on "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Id*. (internal citations omitted).

In the context of a motion to dismiss, district courts in this Circuit have therefore found that complaints sufficiently allege employment when they plausibly state facts supporting the following four (4) *Carter*[1] factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."

Accepting all well pleaded factual allegations as true and drawing all inferences in Plaintiff's favor, Plaintiff has pleaded sufficient facts to suggest functional control under *Carter*. *See Pierre v. City of New York*, 2021 WL 3887912, at *8 (S.D.N.Y. 2021); *see also Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) (explaining that a complaint only must "plead facts sufficient to allege a plausible claim that the [ ] defendants were the plaintiffs' 'employers' under the FLSA and NYLL").

### II. Plaintiff Has Stated an Overtime Claim under the FLSA and NYLL

FLSA section 207(a)(1) requires that an employee working "in excess of" 40 hours in a given workweek will be compensated for that "excess work 'at a rate not less than one and one-half times the regular rate at which he is employed' (*i.e.* time and a half)." *Yunganaula v. Garcia,* 2021 WL 5993622, at *7 (E.D.N.Y. 2021), *report and recommendation adopted as modified*, 2021 WL 5984851 (E.D.N.Y. 17, 2021) (citing *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), and 29 U.S.C. § 207(a)(1)). In *Lundy*, the Second Circuit articulated "the degree of specificity needed to state an overtime claim under FLSA." *Id*. A plaintiff must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id*. Or put differently, to survive a motion to dismiss an FLSA overtime claim, a plaintiff must allege that in at least one workweek he or she worked at least 40 hours, and also worked some uncompensated time in that week in excess of the 40 hours. *See id*.

---

[1] *Carter v. Dutchess Community Coll*., 735 F.2d 8, 12 (2d Cir. 1984).

      The Circuit revisited this question in *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013). The *Nakahata* court reiterated the standard articulated in Lundy, and reached a similar conclusion. Shortly after *Nakahata*, the court once again considered this issue in *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013), *cert. denied*, 134 S.Ct. 918, (2014). *Dejesus* explained that the claims in Lundy failed "because of arithmetic: tallying the plausible factual allegations, we could not get beyond forty hours in any given week[.]" 726 F.3d at 88–89.

      "The most salient corollary from the *Lundy–Nakahata–Dejesus* triumvirate is that an FLSA plaintiff must provide a certain degree of specificity as to uncompensated hours worked *during a particular week*." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 196 (E.D.N.Y. 2015) (emphasis in original).

      Paragraphs 20, 21 and 22 of the Complaint state that each week, from August 2021 through and including July 2022, Plaintiff received a straight weekly rate of pay of between $1,200 to $1,500, for all hours worked, despite regularly working over 40 hours a week. [*Compl.* at ¶¶ 21-23]. These allegations provide the precise specificity – *i.e.* work in excess of forty hours in a given work week – mandated by *Lundy* and its progeny.

### III.  Conclusion

      Defendants' contemplated dismissal motion is doomed to fail. Thus, Defendants' requested relief results in the needless incurrence of attorneys' fees that are far better used in resolving a case where Plaintiff has made substantive claims for underpayment.

      Thank you, in advance, for your time and attention to this matter.

      Respectfully submitted,

      LEVIN-EPSTEIN & ASSOCIATES, P.C.

      By: */s/ Jason Mizrahi*
           Jason Mizrahi, Esq.
           60 East 42nd Street, Suite 4700
           New York, New York 10165
           Tel. No.: (212) 792-0048
           Email: Jason@levinepstein.com
           *Attorneys for Defendants*

VIA ECF: All Counsel