USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: ____________
DATE FILED: 3/11/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**LOPEZ,**

**Plaintiff,**

**-against-**

**FLUXPACE DESIGN & BUILD, LLC, *et al.*,**

**Defendants.**

**22-CV-07605 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, United States District Judge:**

Plaintiff Juan Lopez ("Plaintiff") brings this putative class action suit against Defendants Fluxpace Design & Build LLC, Fluxpace Inc., and Victor Sierra (collectively "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.* as well as the Unpaid Overtime, Wage Notice and Statement, Spread-of-Hours Pay, and Failure-to-Pay provisions of the New York Labor Laws ("NYLL"). *See* ECF No. 1 ("Compl."). Defendant moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed herein, the Court **GRANTS** Defendant's motion to dismiss the Complaint for failure to state a claim.

## BACKGROUND

### I. Procedural Background

Plaintiff filed the Complaint in this action on September 7, 2022. Compl. Defendants then moved to dismiss the Complaint on January 20, 2023. ECF No. 15 ("Mot."). Defendants included an evidentiary declaration in support of their motion on that same date. ECF No. 15

("Sierra Aff."). Plaintiff filed their opposition on February 3, 2023. ECF No. 16 ("Opp."). Defendants filed their reply brief on February 10, 2023. ECF No. 17 ("Reply").

## II. Factual Background

The facts stated herein are taken from Plaintiff's Complaint and are presumed true for purposes of Defendant's 12(b)(6) motion.

Fluxpace Design & Build LLC and Fluxpace Inc. are construction companies owned and operated by Defendant Victor Sierra. Compl. at 4-6.[1] Plaintiff alleges that all the Defendants had the power to hire and fire employees, including Plaintiff, and to determine their wages, compensation, working conditions, and assignments. *Id.* at 3-5. Plaintiff also alleges that Defendants had combined annual revenues of at least $500,000, and thus would be covered under FLSA. *Id.* at 3-4.

Plaintiff, Juan Lopez, was employed by Defendants as a non-managerial construction worker, foreman and manual laborer from on or around August 2021 to July 2022. *Id.* at 5, 7. Plaintiff alleges that he worked six days per week, 10 to 11 hours per day, totaling approximately 60 to 66 hours per week. *Id.* at 7. Plaintiff alleges that he was paid a fixed salary of $200 per day from August to September 2021, $250 per day between October and November 2021, $220 between December 2021 and July 2022, and was ultimately not paid any wages for his final two weeks of work. *Id.* Plaintiff claims he was also required to work in excess of forty hours per week but never received an overtime premium. *Id.* Finally, Plaintiff alleges that he was neither provided notification of nor presented with posted notices of information or a statement of wages regarding required wages under the FLSA or NYLL. *Id.* at 8.

---

[1] The Court refers to the Complaint's pagination rather than providing parenthetical citations due to the Complaint's inconsistent paragraph numbering.

## LEGAL STANDARD

### I. Rule 12(b)(1)

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." *Gelmart Indus. v. Eveready Battery Co.*, 120 F. Supp. 3d 327, 329-30 (S.D.N.Y. 2014) (quoting *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009)) (quotation marks omitted). When considering a motion to dismiss for lack of subject matter jurisdiction, "the Court construes the complaint in the plaintiff's favor and accepts all factual allegations as true." *Zietek v. Pinnacle Nursing*, No. 21-CV-5488 (AT) (JLC), 2024 U.S. Dist. LEXIS 11852, at *7 (S.D.N.Y. Jan. 23, 2024). The party asserting jurisdiction bears the burden of establishing it exists by a preponderance of the evidence. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009); *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Such a "showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted).

When evaluating a 12(b)(1) motion, "the Court may consider evidence outside the pleadings." *Ryan v. United States*, No. 1:15-cv-2248-GHW, 2015 U.S. Dist. LEXIS 162633, at *9 (S.D.N.Y. Dec. 3, 2015) (quoting *Morrison*, 547 F.3d at 170). "[P]laintiffs [may] come forward with evidence of their own to controvert that presented by the defendant if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (quotation marks omitted). "However, the plaintiffs are entitled to rely on the allegations in the Pleading if the

evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.*

A "defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (citations omitted). Where a defendant proffers such evidence, "the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id*. (quoting *Exchange National Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1131 (2d Cir.1976). If a defendant's evidence does not actually contradict a plaintiff's plausible allegations, then the plaintiff will be entitled to rely on the allegations contained in their Pleading. *Id.*

**II. Rule 12(b)(6)**

When deciding on a motion to dismiss for failure to state a claim, the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" need not be credited." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim should be dismissed where a plaintiff has failed to plead sufficient facts that "plausibly give rise to an entitlement for relief." *Id.* at 679. A claim is plausible "when the

plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). A plaintiff must present "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

When deciding a motion to dismiss, the court is permitted to "consider matters of which judicial notice may be taken" pursuant to Fed. R. Evid. 201. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Additionally, a court may also consider evidence which is incorporated by reference to the operative complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

## DISCUSSION

### I. Sierra Declaration

The Court first considers whether and to what extent it can consider Defendants' Sierra Declaration. There are three possible grounds under which such a declaration might be considered, such as where: (1) the declaration reveals material factual problems with Plaintiff's standing to bring suit, (2) the court may take judicial notice of the factual assertions pursuant to Fed. R. Evid. 201, and (3) the allegations have been incorporated by reference to the operative complaint.

Defendant Victor Sierra alleges in his declaration that Plaintiff was an independent contractor and managed his activities and retained a work crew who Plaintiff compensated from funds paid to him by Fluxpace. Sierra Decl. ¶¶ 4-6. Sierra goes on to allege that Defendants never interacted with and were not involved in the hiring or firing of Plaintiff's crew, did not maintain records of wages or hours, and that Plaintiff managed all aspects of the crew's work. *Id.* at ¶¶ 7-9.

Finally, the declaration includes as an exhibit an untranslated screen shot, together with an uncertified translation thereof, which purports to show that Plaintiff threatened to sue Defendant Sierra for failure to pay him and his work crew. *Id.* at ¶; *see also* Ex. 1.

The Court will not consider the declaration's unsupported legal conclusions and its untranslated screen shot and the uncertified translation thereof. *See In re Advanced Battery Techs., Inc. Sec. Litig.*, 2012 U.S. Dist. LEXIS 123757, at *24 (S.D.N.Y. Aug. 29, 2012) (declining to consider such exhibits at the motion to dismiss stage as they were unlike "documents attached to the complaint as an exhibit or incorporated in it by reference . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiff's had knowledge and relied on in bringing suit.") (quoting *In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 403 (S.D.N.Y. 2010)). Additionally, the untranslated text message screenshots and uncertified translations thereof do not present a material factual issue as to Plaintiff's standing at this time.

## II. Standing

Defendants argue that Plaintiff does not have standing to bring this action because Plaintiff is an independent contractor and "has failed to establish that he is a nonexempt employee and therefore is not entitled to the protections offered by . . . FLSA." Reply at 5; *see also* Mot. at 12-14; *Shim v. Millennium Grp.*, No. 08-CV-4022(FB)(VVP), 2009 U.S. Dist. LEXIS 6014, at *5-6 (E.D.N.Y. Jan. 28, 2009) ("As a threshold matter, the minimum-wage and overtime provisions of FLSA apply only to employees (1) who are personally engaged in [interstate] commerce or in the production of goods for [interstate] commerce (so-called individual coverage), or (2) who are employed in an enterprise engaged in [interstate] commerce or in the production of goods for [interstate] commerce (so-called enterprise coverage.") (quoting 29 U.S.C. §§ 206(a), 207(a)) (internal quotation marks omitted).

Article III of the U.S. Constitution limits the jurisdiction of the federal courts to "cases" and "controversies." U.S. Const. Art. III, § 2. "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 156 (2014) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Article III standing requires that a plaintiff have (1) "suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) (citing *Lujan*, 504 U.S. at 560–61).

The Complaint alleges that Defendants owned and operated the site where Plaintiff worked, that the Individual Defendant, Mr. Sierra was the "owner, officer, and/or agent of the Corporate Defendants," and that Mr. Sierra retained the power *inter alia* to making hiring decisions, determine work schedules and determine pay rates. Compl. at 3-7. The Complaint goes on to allege that Plaintiff suffered actual concrete harms including insufficient overtime and minimum wage pay. These allegations are sufficient to meet the "low threshold" of constitutional standing. *John* 858 F.3d at 736.

**III. Failure to State a Claim**

"To state a claim for a violation of the FLSA, plaintiffs must adequately plead that: (1) plaintiffs were employed by defendants; (2) defendants are engaged in commerce; and (3) defendants failed to pay plaintiffs for compensable hours worked." *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824, at *12 (S.D.N.Y. Sep. 6, 2012). Whether Defendants are Plaintiff's formal employer under FLSA turns on the multi-factor *Carter* economic reality test. *Carter v. Dutchess Cmty, Coll.*, 735 F.2d 8, 12 (1984). Those factors include whether the defendant "(1) had the power to hire and fire the employees, (2) supervised

and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman v. RSR Sec. Servs. LTD.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter*, 735 F.2d at 12). While "[o]wnership or stake in a company is insufficient to establish that an individual is an employer, . . . evidence showing [that individual's] authority over management, supervision, and oversight of . . . affairs in general" may be sufficient. *Irizarry v. Catsimatidis*, 722 F.3d 99, 111 (2d Cir. 2013). No single factor of the analysis is dispositive as determinations are made based on the totality of the circumstances. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988).[2] Even where an employer lacks formal control, they may still be liable where they exercised functional control over the Plaintiff. *Pierre v. City of N.Y.*, No. 20-cv-5116 (ALC), 2021 U.S. Dist. LEXIS 164946, at *21 (S.D.N.Y. Aug. 31, 2021) (restating the six-factor functional control *Zheng* factors) (citing *Zheng*, 355 F.3d at 72).

While sufficient to establish standing, Plaintiff's "[m]ere conclusory assertions, however, are insufficient to adequately plead" a claim under both the formal and functional tests. *Orellana v. Real Innovative Constr., LLC*, 2020 U.S. Dist. LEXIS 21794, at *16 (S.D.N.Y. Feb. 6, 2020), *adopted in relevant part*, No. 18-CV-7424 (VEC), 2021 U.S. Dist. LEXIS 148934 (S.D.N.Y. Aug. 9, 2021) (granting motion to dismiss where plaintiffs alleged only that defendants had authority to "fire plaintiffs," "supervise[d] and direct[ed] plaintiffs' work," "had knowledge of plaintiffs pay rates," and that plaintiffs used "[d]efendants['] premises and equipment for their work") (quoting *Xue Lian Lin v. Comprehensive Health Mgmt.*, 2009 U.S. Dist. LEXIS 29779, at

---

[2] The test for determining whether a defendant constitutes an "employer" for purposes of the NYLL is identical. *See Hsieh Liang Yeh v. Han Dynasty, Inc.*, 2019 U.S. Dist. LEXIS 24298, at *12 n.5 (S.D.N.Y. Feb. 14, 2019) ("Courts in this District regularly apply the same tests to determine whether entities are joint employers for purposes of the FLSA and NYLL.") (quoting *Ocampo v. 455 Hosp. LLC*, No. 14-CV-9614 (KMK), 2016 U.S. Dist. LEXIS 125928, at *16-17 n.7 (S.D.N.Y. Sep. 14, 2016)).

*6 (S.D.N.Y. Apr. 8, 2009)); *see also Kwan v. Sahara Dreams Co. II Inc.*, No. 17-CV-4058 (RA), 2018 U.S. Dist. LEXIS 213782, at *10 (S.D.N.Y. Dec. 19, 2018) (doing the same as to plaintiff's conclusory factual allegations supporting joint control); *Bravo v. Established Burger One LLC*, 2013 U.S. Dist. LEXIS 146237, at *18 (S.D.N.Y. Oct. 8, 2013) ("Courts in this circuit have held that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient to survive a motion to dismiss.") (quoting *Diaz v. Consortium for Worker Educ., Inc.*, 2010 U.S. Dist. LEXIS 107722, *11).

Plaintiffs do not "attempt to support th[eir] allegations with specific examples of . . . Defendants exercising the extensive authority they purportedly had." *Orellana*, 2020 U.S. Dist. LEXIS 21794 at *18. Rather, Plaintiff merely "recite[s] the *Carter* and *Zheng* factors and claim[s] that an alleged employer satisfies them without offering further detail." *Id.* (collecting cases where "[c]ourts in this District have routinely dismissed" such complaints). What's more, the cases Plaintiff cites as supporting denial of Defendant's motion are also unpersuasive. *See Sims v. Crown Waste Corp.*, No. 22-cv-6047 (BMC), 2023 U.S. Dist. LEXIS 11316 (E.D.N.Y. Jan. 23, 2023) (granting default judgment as to non-appearing defendants without benefit of 12(b)(6) briefing); *Kim v. Superior Cafe Corp.*, 2022 U.S. Dist. LEXIS 23381 (S.D.N.Y. Feb. 9, 2022) (same); *Christian v. MH Plumbing & Mechanical Corp. et al.*, Case No.: 22-cv-04774 (E.D.N.Y. 2023) (same); *Persaud et al v. Adirondacks Protection Services, LLC, et al.*, Case No.: 22-cv-04774 (S.D.N.Y 2022) (dismissing case upon plaintiff's notice of voluntary dismissal without benefit of 12(b)(6) briefing).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** without prejudice. Plaintiff is granted leave to amend his Complaint within 21 days of the entry of this Order if he so desires.

**SO ORDERED.**

**Dated: March 11, 2024**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**