UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Juan Lopez, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                              *Plaintiff*,

      - against -

Fluxpace Design & Build LLC, Fluxpace Inc., and Victor Sierra,

                              *Defendants*.
---------------------------------------------------------------X

Case No.: 1:22-cv-07605

**Jury Trial Demanded**

**FIRST AMENDED COMPLAINT**

Plaintiff Juan Lopez ("Plaintiff" or "Lopez"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Fluxpace Design & Build LLC, Fluxpace Inc. (collectively, the "Corporate Defendants"), and Victor Sierra (the "Individual Defendant", and together with the Corporate Defendants, the "Defendants"), and states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF JUAN LOPEZ**

6. Plaintiff Lopez was employed as a construction worker, foreman and manual laborer at Defendants' construction company, known as "Fluxpace Construction".

7. Plaintiff Lopez was employed as a non-managerial employee at "Fluxpace Construction" from on or around August 2021 through and including July 2022.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT FLUXPACE DESIGN & BUILD LLC**

10. Upon information and belief, Defendant Fluxpace Design & Build LLC is a limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 139 Fulton St., # 801, New

York, NY 10038.

11. At all times relevant to this Complaint, Defendant Fluxpace Design & Build LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12. At all times relevant to this Complaint, Defendant Fluxpace Design & Build LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13. At all times relevant to this Complaint, Defendant Fluxpace Design & Build LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

14. Defendant Fluxpace Design & Build LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

15. Defendant Fluxpace Design & Build LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT FLUXPACE INC.**

16. Upon information and belief, Defendant Fluxpace Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 139 Fulton St., # 801, New York, NY 10038.

17. At all times relevant to this Complaint, Defendant Fluxpace Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

18. At all times relevant to this Complaint, Defendant Fluxpace Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

19. At all times relevant to this Complaint, Defendant Fluxpace Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

20. Defendant Fluxpace Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

21. Defendant Fluxpace Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT VICTOR SIERRA**

22. Defendant Victor Sierra is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

23. Defendant Victor Sierra is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

24. Defendant Victor Sierra possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

25. Defendant Victor Sierra hired Plaintiff in or around August 2021.

26. Defendant Victor Sierra determined Plaintiff's wages and compensation.

27. Defendant Victor Sierra established Plaintiff's schedules.

28. Defendant Victor Sierra maintained Plaintiff's employee records.

29. Defendant Victor Sierra had the authority to hire and fire Plaintiff.

30. At all times relevant to this Complaint, Defendant Victor Sierra was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

31. Defendants own, operate and/or control the construction company, known as "Fluxpace Construction" located at 139 Fulton St., # 801, New York, NY 10038.[1]

32. The Individual Defendant possesses operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.[2]

33. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34. Each Defendant possessed substantial control over Plaintiff's (and other similarly

---

[1] *See, e.g., Fluxpace LLC v. Mesfine Savage et al*, Case No.: 601348/2023 (Nassau Cty. Sup. Ct. 2023) at NYSECF No. 1; *Capybara Capital, LLC v. Fluxpace Design & Build Llc et al*., Case No.: 528580/2022 (Kings Cty. Sup. Ct., 2022) at NYSECF No. 54; *Itria Ventures LLC v. Fluxpace Design & Build LLC et al*, Case No. 650485/2023 (N.Y. Sup. Ct., 2023) at NYSECF No. 1.
[2] *See* https://www.yelp.com/biz/fluxpace-new-york (last accessed April 1, 2024).

situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

35. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

36. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

37. Upon information and belief, the Individual Defendant operates the Corporate Defendants as either an alter ego of himself, and/or fails to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

    b. defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d. operating the Corporate Defendants for their own benefit as the majority shareholder;

    e. operating the Corporate Defendants for his own benefit and maintaining control over them as closed corporations or closely controlled entities;

    f. intermingling assets and debts of their own with the Corporate Defendants;

    g. diminishing and/or transferring assets of the Corporate Defendants to protect his

       own interests; and

    h.    other actions evincing a failure to adhere to the corporate form.

38.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

39.    Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

40.    Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

41.    Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

42.    Plaintiff was an employee of Defendants.

43.    Plaintiff was employed as a construction worker, foreman and manual laborer at the "Fluxpace Construction" construction company.

44.    From approximately August 2021 through and including July 2022, Plaintiff worked six (6) days per week as follows: from approximately 8:00 a.m. to 6:00 p.m. or 7:00 p.m. or from approximately 9:00 a.m. to 7:00 p.m. or 8:00 p.m. (i.e., 10 to 11 hours per day), for a total period of approximately 60 to 66 hours during each of the weeks, respectively.

45.    From approximately August 2021 through and including September 2021, Defendants paid Plaintiff a fixed salary of $200 per day.

46.    From approximately October 2021 through and including November 2021, Defendants paid Plaintiff a fixed salary of $250 per day.

47. From approximately December 2021 through and including July 2022, Defendants paid Plaintiff a fixed salary of $220 per day.

48. Plaintiff was not paid any wages for approximately the last two (2) weeks of his employment.

49. Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

50. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

51. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

53. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited construction workers, foremen and manual laborers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

55. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices,

procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

56. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

57. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

58. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

59. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

60. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

61. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

62. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

63. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself

and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

64. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

65. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

66. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

67. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

68. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

69. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

70. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

71. The NYLL and the WTPA require employers to provide all employees with a

written notice of wage rates at the time of hire.

72. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

73. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

74. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

75. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

76. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

77. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

78. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

79. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

80. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (Failure to Pay Timely Wages)

81. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

82. NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

83. As described above, throughout their employment with Defendants, Plaintiff was underpaid their wages each week.

84. As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f. declaring that Defendant violated the timely pay provisions of the NYLL;

g. awarding Plaintiff unpaid overtime wages;

h. awarding unpaid wages under New York State law for failure to pay timely wages;

i. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

j. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

k. awarding Plaintiff pre- and post-judgment interest under the NYLL;

l. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

    m.    Such other relief as this Court deems just and proper.

Dated: New York, New York
       April 1, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By: /s/ Joshua Levin-Epstein
　　　　　　　　　　　　　　　　　　　　　Joshua Levin-Epstein
　　　　　　　　　　　　　　　　　　　　　Jason Mizrahi
　　　　　　　　　　　　　　　　　　　　　Levin-Epstein & Associates, P.C.
　　　　　　　　　　　　　　　　　　　　　60 East 42nd Street, Suite 4700
　　　　　　　　　　　　　　　　　　　　　New York, New York 10165
　　　　　　　　　　　　　　　　　　　　　Tel: (212) 792-0046
　　　　　　　　　　　　　　　　　　　　　Email: Joshua@levinepstein.com
　　　　　　　　　　　　　　　　　　　　　*Attorneys for the Plaintiff and proposed FLSA*
　　　　　　　　　　　　　　　　　　　　　*Collection Action Plaintiffs*