# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

August 15, 2024

<u>*VIA ECF*</u>
The Hon. Andrew L. Carter, Jr., U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

                              *Re*:    *Lopez v. Fluxpace Design & Build LLC et al*
                                   <u>**Case No.: 22-cv-07605**</u>

Dear Honorable Judge Carter:

      This law firm represents Plaintiff Juan Lopez (the "Plaintiff") in the above-referenced matter.

      Pursuant to Your Honor's Individual Motion Practice Rules, this letter respectfully serves to respond to Your Honor's Your Honor's August 5, 2024 Order to Show Cause. [Dckt. No. 29].

      This letter further serves to request leave to serve the Individual Defendant Victor Sierra (the "Individual Defendant") via an alternative method of service, *to wit*: via their attorneys-of-record, Migir Ilganayev, Esq., of Ilganayev Law Firm, and / or, Reza Yassi, Esq., of Yassi law P.C.

    **I.**    **Legal Argument**

    **A.  Dismissal is Not Warranted Under Fed.R.Civ.P. 41(b)**

      "Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "'[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citing and quoting Fed.R.Civ.P. 41(b)). It is well-settled that a Rule 41(b) dismissal is the "harshest of sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

      The Second Circuit has instructed a district court considering a Rule 41(b) dismissal to weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

    **i.**    **The Duration of Plaintiff's Failure to Comply Militates Against Dismissal**

      Plaintiff filed the initial Complaint on September 7, 2022. [Dckt. No. 1].

On September 7, 2022, Plaintiff filed a Request for Issuance of Summons as to the Defaulting Defendants. [Dckt. Nos. 4-5]. Electronic summonses were subsequently issued on September 8, 2023. [Dckt. Nos. 6-7].

On November 16, 2022, the Defaulting Defendants executed a stipulation, waiving any defenses to personal jurisdiction due to improper service of process. [Dckt. No. 8]. On December 6, 2023, the Honorable Andrew L. Carter, Jr., so-ordered the Stipulation. [Dckt. No. 10].
Defaulting Defendants appeared in this action through counsel on December 16, 2022. [Dckt. No. 11].

On April 1, 2024, Plaintiff filed the operative Amended Complaint. [Dckt. No. 19].

Pursuant to Fed.R.Civ.P. 4(m), an answer to the Amended Complaint, or a dispositive motion for failure to appear, should have been filed, on or before April 22, 2024. [*See* Dckt. No. 20].

On May 6, 2024, the Court directed Plaintiff to file a letter showing cause why this case should not be dismissed pursuant to Fed.R.Civ.P. 41(b). [*Id.*].

On July 1, 2024, the undersigned filed a letter motion for an extension of time to complete service on the Individual Defendant from July 1, 2024 to, through and including July 26, 2024. [Dckt. No. 27]. This was the first request of its kind.

The Court subsequently entered the August 5, 2024 Order to Show Cause. [Dckt. No. 29].

However, as of the filing of the instant letter, only 46 days have passed since Defendants' deadline to answer the Amended Complaint, and only 10 days have passed since the entry of the Court's August 5, 2024 Order to Show Cause.

It is respectfully submitted that the duration of Plaintiffs' non-compliance militates against a Rule 41(b) dismissal.

### ii.     The Circumstances Surrounding Prior Notice

On May 6, 2024, the Court entered an Order, putting Plaintiff on notice of the service requirements of Fed.R.Civ.P. 4(m). The Court advised Plaintiff that failure to serve Defendants pursuant to Fed.R.Civ.P. 4(m) may result in the dismissal of the action. [*Id.*].

Following the entry of the May 6, 2024 Order, Plaintiff's process servers were directed to serve the Individual Defendant at his registered address, located at 139 Fulton St., # 801 New York, NY 10038.

Of crucial importance, this is the same office address utilized by Defendants' attorney of record Migir Ilganayev, Esq., of Ilganayev Law Firm.

Plaintiff's process servers have not accomplished service on the Individual Defendant, as of the date of this filing.

It is respectfully submitted that dismissal at this juncture would not comport with the second prong of the Rule 41(b) analysis.

### iii. Defendants Cannot Demonstrate Prejudice

Defendants have appeared in this action through counsel. Defendants have not – and cannot – demonstrate any prejudice. This prong militates against dismissal under Rule 41(b).

### iv. The Balancing of the Court's Interests

Plaintiff's counsel appreciates and recognizes the Court's interest in managing its own docket.

Now that Plaintiff intends to serve the Individual Defendant through alternative means – *to wit* his attorney(ies) of record, the instant action will move expeditiously.

### v. The Consideration of Less Drastic Sanctions

"The purpose of the sanctions is three-fold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well." *Chun Lan Guan v. Long Island Bus. Inst., Inc.*, 2019 WL 3807455, at *2 (E.D.N.Y. 2019) (citation omitted).

The imposition of sanctions is not warranted where, as here, they would not serve a just purpose. Plaintiff intends to prosecute this action on the merits. Lastly, sanctions would not serve as a deterrent effect considering: (i) the non-responsiveness was not a willful nor deliberate act or omission; and (ii) the fact that this is a rare occurrence.

### II. A *Nunc Pro Tunc* Extension of Time to Perfect Service via Alternative Means Should Be Granted

This letter further respectfully serves as a request for an enlargement of time, *nunc pro tunc,* to file an affidavit of service as to the Individual Defendant, to, through and including July 14, 2023.

Rule 4(m) provides, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.* Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id.* (citation omitted).

Fed.R.Civ.P. 4(m) provides that service of process upon an individual located within a judicial district of the United States may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." In New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons to a person of suitable age and discretion at the individual's actual place of business, dwelling place or usual place of abode, and mailing it; (3) serving the individual's agent; or (4) affixing the summons to the individual's actual place of business, dwelling place, or usual place of abode, and mailing it. *See* New York State Civil Practice Law and Rules ("CPLR") §§ 308(1)-(4). In addition, service in New York may be made "in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one, two, and four of this section." *Id.* § 308(5)

The meaning of "impracticable" depends upon the facts and circumstances of a particular case. *See Markoff v. South Nassau Community Hosp.,* 91 A.D.2d 1064, 1065 (2d Dept. 1983). Although CPLR § 308(5) does not require a showing of due diligence or of actual prior attempts to serve a party under the other provisions of the statute, *SEC v. HGI, Inc.,* 1999 WL 1021087, at *1 (S.D.N.Y. 1999), a plaintiff seeking to effect alternative service "must make some showing that the other prescribed methods of service could not be made." *Markoff,* 91 A.D.2d at 1065.

Courts have found a showing of impracticability, and have authorized alternative service, where a defendant could not be located by inquiring with the United States Postal Service or by searching computer databases. *See, e.g., HGI, Inc.,* 1999 WL 1021087, at *1 (finding proof of impracticability where, despite efforts to locate the defendant by these means, his whereabouts remained unknown).

Prior to the filing, during the pendency of, the instant action the undersigned conducted due diligence on the whereabouts of the Individual Defendant.

This due diligence consisted of, *inter alia*: (i) conducting an intake with Plaintiffs; (ii) reviewing the New York State, Department of State, Division of Corporation's Entity Information; reviewing public filings with New York City's; (iii) Business Integrity Commission; (iv) Department of Consumer Affairs; (v) Department of Environmental Protection; (vi) Department

4

of Finance; (vii) Department of Health and Mental Hygiene; (viii) Fire Department; (ix) Fire Department; (x) Office of Administrative Trials and Hearings; and (xi) 311; (xii) reviewing New York State, Department of State, Division of Licensing Services Licensee Search results; (xiii) reviewing public Court filings in the Southern and Eastern Districts of New York; and (xiv) reviewing public Court filings in the Supreme Courts of the State of New York.

The undersigned located the Individual Defendant's registered address, of 139 Fulton St., # 801 New York, NY 10038. Of crucial importance, this is the same office address utilized by Defendants' attorney of record Migir Ilganayev, Esq., of Ilganayev Law Firm.

Yet, Plaintiff's process servers have not accomplished service on the Individual Defendant, as of the date of this filing.

Plaintiffs have located the identity of the Individual Defendant's counsel of record, *to wit*: Migir Ilganayev, Esq., of Ilganayev Law Firm, and, Reza Yassi, Esq., of Yassi law P.C.

For all of the foregoing reasons, it is respectfully submitted the Court permit Plaintiffs to serve the Individual Defendant via his counsel of record Migir Ilganayev, Esq., of Ilganayev Law Firm, and / or, Reza Yassi, Esq., of Yassi law P.C.

### III.   Conclusion

The undersigned law firm apologies to the Court for all inconvenience caused. The undersigned intends to proceed with the initial case conference once Defendants have been served, and appeared, or alternatively, proceed with the filing of a motion for default, in the event of Defendants' continued non-appearance.

Thank you, in advance, for your time and attention to this matter.

            Respectfully submitted,

          LEVIN-EPSTEIN & ASSOCIATES, P.C.

        By:   */s/ Jason Mizrahi*
           Jason Mizrahi, Esq.
           60 East 42nd Street, Suite 4700
           New York, New York 10165
           Tel. No.:  (212) 792-0048
           Email: Jason@levinepstein.com
           *Attorneys for Plaintiff*

VIA ECF: All Counsel