MEMO ENDORSED

Case 1:22-cv-07605-ALC   Document 37   Filed 09/24/24   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __9/24/2024__

# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

September 20, 2024

**VIA ECF**
The Hon. Andrew L. Carter, Jr., U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

        Re: *Lopez v. Fluxpace Design & Build LLC et al*
           **Case No.: 22-cv-07605**

Dear Honorable Judge Carter:

  This law firm represents Plaintiff Juan Lopez (the "Plaintiff") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rules, and the directives contained in Your Honor's September 12, 2024 Minute Entry, this letter respectfully serves to supplement Plaintiff's August 15, 2024 letter motion [Dckt. No. 30], requesting leave to serve the Individual Defendant Victor Sierra (the "Individual Defendant") via an alternative method of service, *to wit*: via their attorneys-of-record, Migir Ilganayev, Esq., of Ilganayev Law Firm, and / or, Reza Yassi, Esq., of Yassi law P.C.

  **I. Legal Standard**

  Rule 4(m) provides, in relevant part:

  If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

  *George v. Pro. Disposables Int'l, Inc*., 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

  Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.* Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id.* (citation omitted).

Fed.R.Civ.P. 4(m) provides that service of process upon an individual located within a judicial district of the United States may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." In New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons to a person of suitable age and discretion at the individual's actual place of business, dwelling place or usual place of abode, and mailing it; (3) serving the individual's agent; or (4) affixing the summons to the individual's actual place of business, dwelling place, or usual place of abode, and mailing it. *See* New York State Civil Practice Law and Rules ("CPLR") §§ 308(1)-(4). In addition, service in New York may be made "in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one, two, and four of this section." *Id.* § 308(5)

The meaning of "impracticable" depends upon the facts and circumstances of a particular case. *See Markoff v. South Nassau Community Hosp.,* 91 A.D.2d 1064, 1065 (2d Dept. 1983). Although CPLR § 308(5) does not require a showing of due diligence or of actual prior attempts to serve a party under the other provisions of the statute, *SEC v. HGI, Inc.,* 1999 WL 1021087, at *1 (S.D.N.Y. 1999), a plaintiff seeking to effect alternative service "must make some showing that the other prescribed methods of service could not be made." *Markoff,* 91 A.D.2d at 1065.

Courts have found a showing of impracticability, and have authorized alternative service, where a defendant could not be located by inquiring with the United States Postal Service or by searching computer databases. *See, e.g., HGI, Inc.,* 1999 WL 1021087, at *1 (finding proof of impracticability where, despite efforts to locate the defendant by these means, his whereabouts remained unknown).

"[C]ourts have permitted service on domestic counsel, even where the address of a defendant was known and/or the defendant was not trying to evade service. In those cases, courts typically focus on whether the defendant had actual notice of the lawsuit and concluded that such notice would satisfy any due process concerns." *In re Grana y Montero S.A.A. Sec. Litig.*, 2019 WL 259778, at *5 (E.D.N.Y. 2019), *report and recommendation adopted*, 2019 WL 1046627 (E.D.N.Y. 2019) (permitting service of process on Simpson Thacher); *see also Oyenuga v. Presidential Security Services LLC et al*, Case No.: 1:22-cv-04972-DG-JAM at 08/12/2024 Order (E.D.N.Y. 2024); *Codigo Music, LLC v. Televisa, S.A. de C.V.*, 2017 WL 4346968 (S.D. Fla. 2017) (citing *Marlabs Inc. v. Jakher*, 2010 WL 1644041, at *3 (D.N.J. 2010); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2010 WL 1337743, at *3 (N.D. Cal. 2010); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005).

II.   **Legal Analysis**

Prior to the filing, during the pendency of, the instant action the undersigned conducted due diligence on the whereabouts of the Individual Defendant.

This due diligence consisted of, *inter alia*: (i) conducting an intake with Plaintiffs; (ii) reviewing the New York State, Department of State, Division of Corporation's Entity Information; reviewing public filings with New York City's; (iii) Business Integrity Commission; (iv) Department of Consumer Affairs; (v) Department of Environmental Protection; (vi) Department of Finance; (vii) Department of Health and Mental Hygiene; (viii) Fire Department; (ix) Fire Department; (x) Office of Administrative Trials and Hearings; and (xi) 311; (xii) reviewing New York State, Department of State, Division of Licensing Services Licensee Search results; (xiii) reviewing public Court filings in the Southern and Eastern Districts of New York; and (xiv) reviewing public Court filings in the Supreme Courts of the State of New York.

The undersigned located the Individual Defendant's registered address, of 139 Fulton St., # 801 New York, NY 10038. Of crucial importance, this is the same office address utilized by Defendants' attorney of record Migir Ilganayev, Esq., of Ilganayev Law Firm.

Yet, Plaintiff's process servers have not accomplished service on the Individual Defendant, as of the date of this filing.

Plaintiffs have located the identity of the Individual Defendant's counsel of record, *to wit*: Migir Ilganayev, Esq., of Ilganayev Law Firm, and, Reza Yassi, Esq., of Yassi law P.C.

During the most recent status conference, held on September 12, 2024, counsel for the Individual Defendant, Migir Ilganayev, Esq., of Ilganayev Law Firm, represented that his client instructed him to: (i) evade service; (ii) purposefully default in this action; (iii) and otherwise not substantively engage in the proceedings. In this case, it is undisputed that the Individual Defendant has both actual, and constructive, notice of the lawsuit. *See In re Grana y Montero S.A.A. Sec. Litig.*, 2019 WL 259778, at *5. It is further undisputed that any due process concerns are non-existent, considering Defendants' counsel's representations, with respect to Defendants' willful default.

For all of the foregoing reasons, it is respectfully submitted the Court permit Plaintiffs to serve the Individual Defendant via his counsel of record Migir Ilganayev, Esq., of Ilganayev Law Firm, and / or, Reza Yassi, Esq., of Yassi law P.C.

Thank you, in advance, for your time and attention to this matter.

    Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By: */s/ Jason Mizrahi*
        Jason Mizrahi, Esq.
        60 East 42nd Street, Suite 4700
        New York, New York 10165
        Tel. No.: (212) 792-0048
        Email: Jason@levinepstein.com
        *Attorneys for Plaintiff*

VIA ECF: All Counsel

SO ORDERED:

*[signature]*

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2024
The Court hereby denies Plaintiff's motion without prejudice. Plaintiff is **ORDERED** to inform the Court of their position on how or if this case should proceed given Defendants' recent filing of a Suggestion of Bankruptcy. Plaintiff should make such filing by October 2, 2024.